J-S38006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS MONTIS JOSEPH | : | |
| | : | |
| Appellant | : | No. 840 EDA 2018 |

Appeal from the Judgment of Sentence February 14, 2018
In the Court of Common Pleas of Chester County
Criminal Division at No(s):  CP-15-CR-0003865-2015

BEFORE:   OTT, J., DUBOW, J., and COLINS*, J.

MEMORANDUM BY OTT, J.:                    **FILED OCTOBER 24, 2019**

Demetrius Montis Joseph appeals from the judgment of sentence imposed February 14, 2018, in the Chester County Court of Common Pleas. On November 3, 2017, a jury convicted Joseph of one count of second-degree murder, one count of conspiracy to commit robbery, one count of robbery (causing serious bodily injury), five counts of robbery (placing in fear of immediate serious bodily injury), and five counts of robbery (placing in fear of immediate bodily injury).[1]  The court sentenced Joseph to an aggregate term of life imprisonment.   On appeal, Joseph challenges the court's

_____

* Retired Senior Judge assigned to the Superior Court.

[1]   **See** 18 Pa.C.S. §§ 2502(B), 903, 3701(a)(1)(i), 3701(a)(1)(ii), and 3701(a)(1)(iv), respectively.

instruction in response to a jury question. For the reasons below, we affirm the judgment of sentence.

The underlying facts are as follows. On October 4, 2015, Joseph, his co-defendant, Dajon Rowe, and three other men, conspired to rob a group of migrant workers at their home in Coatesville, Pennsylvania. During the robbery, two of the victims, Juan Antonio Jimenez-Ramon and Juan Antonio Sanchez-Gutierrez, were shot while another victim, Catalino Rodriguez-Ramon was knocked unconscious. Jimenez-Ramon died as a result of his injuries.

Joseph was charged with multiple crimes related to the incident. The matter proceeded to a five-day jury trial beginning on October 30, 2017.[2] On November 3, 2017, the jury convicted Joseph of the above-mentioned crimes. As noted by the trial court, "The evidence introduced at trial clearly supported the jury's guilty verdicts, especially the introduction of prison telephone calls in which [Joseph] admitted his involvement and culpability with regard to the crimes for which he was convicted." Trial Court Opinion, 12/28/2018, at 1. Subsequently, on February 14, 2018, the court sentenced Joseph to the following: (1) a term of life imprisonment for the second-degree murder

_____

[2] The Commonwealth's theory was Joseph and two of the other men came up with the idea of robbing someone, they recruited Rowe and a fifth man to join the criminal action, and Rowe was the active shooter while the other men provided the "muscle." N.T., 10/30/2017, at 29. Joseph's defense was that he was merely present at the scene. Joseph and Rowe were tried together.

- 2 -

conviction; (2) a concurrent term of five to ten years' imprisonment for the conspiracy conviction; and (3) three concurrent terms of five to ten years' incarceration for the robbery (placing in fear of immediate serious bodily injury) offenses. The remaining charges merged for sentencing purposes. This appeal followed.[3]

In his sole issue on appeal, Joseph complains the trial court erred by overruling his objection and improperly instructing the jury with respect to a jury question. *See* Joseph's Brief at 8.

By way of background, the jury posed the following question to the court: "Bullet Point 1 under Third Degree Murder: For Third Degree Murder, does the second of the two elements that Dajon Rowe killed him, mean we cannot consider [Joseph] for Third Degree Murder." N.T., 11/3/2017, at 161.[4] In an on-the-record conference, the following exchange occurred between the parties and the court:

> [THE COURT]: The short answer to that is, of course, they can consider Mr. Joseph for Third Degree Murder as it has been explained to [them] and given to them in written instructions. The Commonwealth's theory on Third Degree Murder is that Rowe is the shooter and Joseph is the accomplice. The Commonwealth

---

[3] On March 22, 2018, the trial court ordered Joseph to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Following numerous time extensions, Joseph filed a concise statement on December 5, 2018. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on December 28, 2018.

[4] The court had previously instructed the jury on accomplice liability and criminal conspiracy. *See* N.T., 11/3/2017, at 113-115, 120-123, and 131-133.

has, throughout the trial, requested a jury charge from -- I would say the only case that says this right now, but they will try to find other cases is [**Commonwealth v. King**, 990 A.2d 1172 (Pa. Super. 2010)], where on a sufficiency analysis they have language, on appeal, we found appella[nt] had entered a conspiracy to commit an armed robbery. The killing was a natural and probable consequence of the element of robbery, and as a conspirator the appella[nt] was liable for the killing he carried out by his co-conspirator. The Commonwealth has asked for some time to see if they can get some authority on that. The defense, I assume, is objecting to going beyond the question asked; is that correct?

[Joseph's counsel]: Yes, Judge.

…

THE COURT: I will wait and see what the caselaw is. I will educate myself on that. It's a confusing area of the law because of this: Murder Two is consistently the idea of – it's basically you're in for the conspiracy, you're in for the homicide. Murder Three does not have that basic thing. It's the difference of Murder Two and Murder Three. Murder Three is a killing of malice. The Commonwealth chose not to go with conspiracy to commit Murder Three, because of some caselaw up there or whatever reasons, but their position is, well, if you found a conspiracy to commit robbery, then you can find Murder Three. I will have to read the cases to see if I'm comfortable approaching that. It's an issue raised by the [C]ommonwealth. It's not in the standard jury instructions and I have yet to find a case that's ever instructed on that and I've been looking all day. But I will look at that when they bring it up and we will go from there. Okay, I think that we'll probably give [the Commonwealth] ten minutes. We probably all need to meet back here, so if you want to hang here, that's fine. If you have anything else you want me to read, shoot it [to] my computer while I'm sitting here. Off the record.

BRIEF PAUSE IN THE PROCEEDING

THE COURT: On the record. The question is: Bullet Point 1 on Third Degree Murder, for Third Degree Murder, there's a second of three elements did Dajon Rowe kill him. Meaning, we cannot consider Mr. Joseph for Third Degree Murder. The answer is: No. You can consider Demetrius Joseph. Then, I'm going to use from

- 4 -

[***Commonwealth v. Shamsid-Deen***, 64 A.3d 274 [2307 EDA 2011] (Pa. Super. 2013) (unpublished memorandum)] a non-presidential opinion, but I find it persuasive because it's dealing with some of the issues at hand, a discussion about that case is when someone can be guilty of Third Degree Murder as an accomplice, quoting that case. I understand [Joseph's counsel], you object to going beyond the question?

[Joseph's counsel]: I do.

THE COURT: I understand that, but I thin[k] the jury is wrest[l]ing with a complex issue. We have been discussing at length the Commonwealth's theory, which I'm not going to get into now, but basically they requested a theory based on Commonwealth versus King of an instruction about conspiracy and if the killing is a natural and probabl[e] consequence of an armed robbery. The only reason I have not done that is because it's simply something going to sufficiency of evidence. I have not found any legal instruction saying that in any judicial guidebooks or talking to other Judges about it. I know that principle has floated around there, but we're not even talking about conspiracy here as far as Murder Three. I find it very confusing when that basic theory is if you are partner in crime it applies to Murder Two throwing that in a Murder Three where there could have been a charge of conspiracy to commit Murder Three. So that's my ruling. I understand the Commonwealth would like me to give the natural and probable consequence charge; correct, [the Commonwealth]? If they come back with something along those lines, I may consider that, but now I have to narrowly answer this question, and I think I can narrowly explain it, but then going into basically what accomplice liability means and that's pretty much a textbook statement of the state of the law.

[Joseph's counsel]: And I agree, Judge. I would just ask that the Court instruct that, I know I don't want it to sound like the Court is saying, you know, Mr. Joseph is not an accomplice. They have to still find that . . . he is an accomplice. That's for their determination. I just don't want the instruction –

THE COURT: I will throw in the defense's theory is that he was merely present. I will put that in there. I will rework that language to get your theory of the case in.

[Joseph's counsel]: I don't want it to come across to the jury that the Court finds he's an accomplice, so.

THE COURT: Absolutely. You have heard both sides. The Commonwealth says he's an accomplice because it was his idea, and he provided muscle and the defense says he was merely present; okay.

*Id.* at 161-165.

The Court then instructed the jury as follows:

The question was asking about Third Degree Murder regarding Mr. Demetrius Joseph and the question was Bullet Point 1 on Third Degree Murder, for Third Degree Murder is the second of the three elements: Did Dajon Rowe kill, meaning, we cannot consider Demetrius Joseph for Third Degree Murder. The answer to that is, no, it doesn't mean that. You certainly can consider Mr. Joseph for Third Degree Murder. The whole thing here is that the Commonwealth's theory on Third Degree Murder is that Mr. Rowe is the shooter and Mr. Joseph is an accomplice. I described to you what an accomplice was. You heard both sides on this. The defense said he was merely present. The Commonwealth said it was his idea to do a robbery. He was there to help provide muscle regarding that. The law about this, to refresh you about accomplice liability, the defendant may be guilty of Third Degree Murder as an accomplice if you find, one, he was just there not doing anything. The other one is that he is actively participating in a robbery. The Crime[s] Code defines accomplice as a person with the intent of promoting or facilitating the commission of a crime. He either solicits someone, a person to commit it or agrees or attempts to aid such person to commit it. Basically, as I said all along, he's a helper. He helped the crime get committed. An accomplice liability may be established only by circumstantial evidence and only the least degree of concert and conclusion in the commission of the offense is sufficient to sustain the party responsible for the accomplice. Accomplice liability does not require the defendant to have a conscious motive to cause a particular result. Phrased differently, accomplice need not intend a death to result from [the] actions of another. Accomplice liability requires that the defendant have the mental state required for commission of a crime. Simply put, a person may be guilty of Third Degree Murder as an accomplice so long as he acts with malice while potentially aiding another. So the whole theory here

- 6 -

is Dajon Rowe is the shooter and Mr. Joseph is this helper.  So to answer your question is certainly you can consider him for that. You have to weigh the arguments of counsel.  You have heard [Joseph's counsel] say he was merely present.  You have heard the DA say it was his idea and he was there as muscle.  Follow me?

THE JURY: Yes.

*Id.* at 166-168.

Joseph claims:

The trial court answered the question improperly as the answer went beyond the specific question asked to include discussion and examples of accomplice liability and criminal conspiracy even though the jury had not asked for any instruction on this. Providing this to the jury without any indication that the jury wanted or needed an explanation on these matters was prejudicial to [Joseph] and improper.

Joseph's Brief at 8.  Moreover, he states:

The jury's question was very specific.  The jury simply wanted an answer concerning whether 3rd degree Murder was still available as an option to Mr. Joseph if they found that Dajon Rowe was not the shooter.

…

There was absolutely no need to reinstruct the jury with respect to accomplice liability and criminal conspiracy.  By giving the jury an instruction on accomplice liability and criminal conspiracy and revisiting both the Commonwealth's and [Joseph]'s theory of the case and arguments of counsel, in a brief and concise manner, the trial judge improperly instructed the jury with additional information that wasn't necessary and prejudiced [Joseph].  The answer was confusing and unnecessary and resulted in the jury convicting [Joseph] of 2nd degree Murder.

*Id.* at 9-10.  Lastly, Joseph contends the court's instruction did not constitute

harmless error, alleging:  "If the trial court confused or gave an inappropriate

answer to the jury, thus removing 3rd degree Murder as a viable option for the jury, then it is unfair and disingenuous to simply state that this was harmless error." *Id.* at 10.

With respect to jury instructions, we are guided by the following:

Our standard of review in assessing a trial court's jury instruction is as follows. "When evaluating the propriety of jury instructions, this Court will look to the instructions as a whole, and not simply isolated portions, to determine if the instructions were improper." *Commonwealth v. Antidormi*, 84 A.3d 736, 754 (Pa. Super. 2014) (citations and quotation omitted). A trial court has "broad discretion in phrasing its instructions, and may choose its own wording so long as the law is clearly, adequately, and accurately presented to the jury for its consideration." *Id.* (citations and quotation omitted). "Only where there is an abuse of discretion or an inaccurate statement of the law is there reversible error." *Id.* (citations and quotation omitted).

*Commonwealth v. Miller*, 172 A.3d 632, 645 (Pa. Super. 2017), *appeal denied*, 183 A.3d 970 (Pa. 2018).

Here, the court found the following:

After reviewing the charge as a whole and how the jury was instructed in response to its question, the court finds that the jury was properly advised as to the appropriate standard to apply. The applicable standard was accurately explained to the jury, and there was no fundamental error or confusion with regard to what the jury was told. Thus, the court finds that the issue raised by [Joseph] in his appeal is without merit.

In addition, even if it is found that the answer given to the jury was incorrect and/or should not have been given, this alleged error was harmless. The question asked by the jury and the answer given by the court dealt with the charge of third degree murder. The verdict slip given to the jury read in pertinent part:

1. Do you find Defendant, Demetrius Joseph, guilty or not guilty of the offense of Second Degree Murder?

Guilty _____          Not Guilty _____

If your answer to the above is Guilty, do not answer number 2; proceed to number 3.

If your answer to the above is Not Guilty, proceed to number 2.

**See** Verdict Slip. In this case, [Joseph] was found guilty of second degree murder. Accordingly, as instructed, the jury did not render a verdict for third degree murder. Thus, even if the court's instructions to the jury should not have been given, [Joseph] suffered no prejudice as a result of the court's actions.

Trial Court Opinion, 12/28/2018, at 3-4.

We agree. In essence, Joseph alleges that the court's instruction went beyond the scope of the jury's specific question by unnecessarily repeating the instructions for accomplice liability and criminal conspiracy. Notably, the court only instructed the jury as to accomplice liability with respect to third-degree murder. Moreover Joseph never complained the instruction was irrelevant or a misapplication of the law.[5]

---

[5] The Pennsylvania Rules of Criminal Procedure indicate that "[n]o portions of the charge nor omissions from the charge may be assigned as error, unless specific objections are made thereto before the jury retires to deliberate." Pa.R.Crim.P. 647(C). Furthermore, "the mere submission and subsequent denial of proposed points for charge ... will not suffice to preserve an issue, absent a specific objection or exception to the charge or the trial court's ruling respecting the points." **Commonwealth v. Sanchez**, 82 A.3d 943, 978 (Pa. 2013) (citation omitted), *cert. denied*, 574 U.S. 860 (2014); **see also** Pa.R.A.P. 302(b) ("Charge to jury. A general exception to the charge to the jury will not preserve an issue for appeal. Specific exception shall be taken to the language or omission complained of."). As such, any challenge to the specific language of the accomplice liability jury instruction in the present matter has been waived.

As such, our review of the certified record leads us to conclude the jury instruction given by the trial court was proper. This was a complex issue, as indicated by the court,[6] and based on the jury's question, a recitation on the theory of accomplice liability was not an abuse of discretion. Accordingly, we find the instruction accurately described the law and was appropriate in light of the evidence presented at trial.[7] Therefore, Joseph's sole argument on appeal fails.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/24/19

---

[6] *See* N.T., 11/3/2017, at 164.

[7] Furthermore, we agree with the court that any error would be harmless because the jury found Joseph guilty of second-degree murder and therefore, did not have to reach the issue of whether Joseph's actions amounted to accomplice liability in a third-degree murder situation. *See* Verdict Slip, 11/3/2017, at unnumbered 1.